Filed 12/28/15  P. v. Bess CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>HENRY MARKEESE BESS,<br><br>   Defendant and Appellant. | F069507<br><br>(Super. Ct. No. F14903146)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  John J. Gallagher, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Detjen, J. and Peña, J.

Henry Markeese Bess pled guilty to assault with a firearm and admitted numerous enhancements after agreeing to a plea bargain that resulted in a stipulated sentence of nine years in prison.  Appellate counsel filed a brief stating he reviewed the entire appellate record and requests this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We order the appeal dismissed because Bess failed to obtain a certificate of probable cause from the trial court.

### FACTUAL AND PROCEDURAL SUMMARY

The original complaint was filed on April 7, 2014, and contained three causes of action.  The first amended complaint was filed on April 21, 2014, and contained the same three causes of action arising out of an incident that occurred on April 4, 2014, (1) attempted murder (Pen. Code, §§ 187, subd. (a), 664);[1] (2) assault with a firearm (§ 245, subd. (a)(2)); and (3) possession of a firearm by a person previously convicted of a felony (§ 29800, subd. (a)(1)).  The complaint also alleged Bess personally used a firearm within the meaning of section 12022.5, subdivision (a) (counts 1 & 2), and had four prior convictions that resulted in prison sentences within the meaning of section 667.5, subdivision (b).

The first amended complaint was filed on Monday, April 21, 2014.  Filing of the first amended complaint (which added the firearm enhancement to count 2) apparently occurred as the result of plea negotiations that occurred on the preceding Friday, April 18, 2014.  The parties had apparently reached agreement that once the first amended complaint was filed, Bess would plead no contest to count 2, and admit the charged enhancements.  In exchange, the People agreed to dismiss counts 1 and 3.  The parties stipulated to a nine year prison term.  While arraigning Bess on the first amended complaint defense counsel recited the agreement.  The prosecutor agreed, and the plea

---

[1]     All statutory references are to the Penal Code.

agreement was entered into, including an agreement that Bess would be immediately sentenced.

Bess executed a "**FELONY ADVISEMENT, WAIVER OF RIGHTS, AND PLEA FORM**" which confirmed the terms of the agreement, and advised Bess of his constitutional rights and the consequences of his plea.[2] The trial court confirmed (1) Bess wanted to accept the plea; (2) Bess read and reviewed the plea form; (3) Bess signed the form; (4) Bess wanted to give up his constitutional rights; and (5) Bess understood the terms of the plea agreement. The trial court accepted Bess's plea and sentenced him to the agreed upon term.

## DISCUSSION

On January 13, 2015, we sent to Bess a letter inviting him to submit any issues he thought we should address. Bess responded to our invitation by a letter dated January 19, 2015. Bess asserted he was factually innocent and defense counsel was ineffective because he permitted Bess to enter a plea even though he was innocent.[3] Defense counsel allegedly discouraged Bess from defending the case and encouraged him to accept the plea agreement.

We reject Bess's arguments for two reasons. First, Bess did not petition for, and consequently did not obtain, a certificate of probable cause from the trial court. Generally, section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants, a certificate of probable cause. Without a certificate of probable cause the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

---

[2]    This form was actually executed by Bess on Friday, April 18, 2014.

[3]    The record does not provide the facts of the alleged crime. In his brief, appellate counsel explains Bess assaulted the victim "by personally using a semi-automatic firearm." He further states, "when [Bess] and the victim were struggling, the gun discharged injuring [Bess]."

3.

There are two exceptions to this general rule. A defendant does not need a certificate of probable cause when the appeal addresses postplea matters not challenging the plea's validity, or when the issue is the lawfulness of a search or seizure which was first contested in the trial court before the defendant entered a plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096; Cal. Rules of Court, rule 8.304(b)(4).)

A court of appeal "generally may not proceed to the merits of the appeal, but must order dismissal thereof, unless the defendant has filed a statement of certificate grounds as an intended notice of appeal, and has obtained a certificate of probable cause, in full compliance therewith." (*People v. Mendez*, *supra*, 19 Cal.4th at p. 1099.) Because Bess's challenge goes directly to the validity of the plea we must dismiss the appeal.

Second, on this record there is no factual support for Bess's assertions. A defendant is entitled to relief if he received ineffective assistance of counsel that induced him to enter his plea, but only if there is a factual basis for the claim.

> "'The pleading—and plea bargaining—stage of a criminal proceeding is a critical stage in the criminal process at which a defendant is entitled to the effective assistance of counsel guaranteed by the federal and California Constitutions. [Citation.]' [Citation.] 'Although [the decision to plead guilty pursuant to a plea bargain instead of proceeding to trial is a decision ultimately] made by the defendant, it is the attorney, not the client, who is particularly qualified to make an informed evaluation of a proffered plea bargain.' [Citation.]
>
> "'Defense counsel have the obligation to investigate all defenses, explore the factual bases for defenses [citation] and the applicable law. [Citation.]' [Citation.] 'The defendant can be expected to rely on counsel's independent evaluation of the charges, applicable law, and evidence, and of the risks and probable outcome of trial. [Citations.]' [Citation.]
>
> "The entry of a plea must be a '"voluntary and intelligent choice among the alternative courses of action open to the defendant."' [Citations.]' [Citation.] The voluntariness of a plea depends on 'whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." [Citation.]' [Citation.]

"'It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea. [Citations.] [When the contention is that incompetent advice led to a defendant's pleading guilty], a defendant must establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial. [Citation.]' [Citations.]" (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1133-1134.)

The record consists only of a clerk's transcript and a reporter's transcript of Bess's plea. Bess asserts in his letter to this court that a video of the crime existed which would prove his innocence. However, the record does not reflect (1) whether defense counsel recommended Bess accept a plea; (2) the reasons for such a recommendation, if it was made; (3) the investigation conducted by defense counsel before Bess entered into the plea (which occurred two weeks after the charges were filed); (4) why Bess entered into a plea at such an early stage of the proceedings; (5) if a video of Bess's encounter with the victim exists; and (6) if the video does exist, whether it supports Bess's claim of factual innocence. These are all facts which would have to be established to support a claim of ineffective assistance of counsel, and can only be properly presented to this court through a writ of habeas corpus. (See, e.g., *People v. Cummings* (1993) 4 Cal.4th 1233, 1340.) In the absence of these facts, it is impossible to determine if there is any merit to Bess's argument. Accordingly, we would reject it even had Bess obtained a certificate of probable cause.[4]

## DISPOSITION

Bess's appeal is dismissed because he failed to obtain a certificate of probable cause as required by Penal Code section 1237.5.

---

[4] We are not suggesting that if Bess provides admissible evidence on each of these issues he will be entitled to relief. We are merely pointing out the glaring holes that preclude us from granting relief. It may be necessary to present additional facts to prevail on a petition for a writ of habeas corpus.